## Mestel Bros. Corp. v. Belmont Erie Shop, Inc., et al.

*Marsh, Spaeder, Baur & Marsh,* for plaintiff.

*Hosbach & Gleeten* and *English, Quinn, Leemhuis & Tayntor,* for defendants.

EVANS, J., May 9, 1941.—We have before us a motion for new trial on behalf of plaintiff against defendants Moses Zimmerman and Camille Zimmerman, individually and doing business as Belmont Shop, in favor of whom a directed verdict was given at the time of trial. There are also before us motions for new trial and judgment n. o. v. by defendant Belmont Erie Shop, Inc., against whom a verdict was rendered for $1,566 with interest.

In support of plaintiff's motion it is asserted that the court erred in granting a motion for binding instructions and directing a verdict in favor of defendants Moses and Camille Zimmerman.

The statement of claim in paragraph 2 alleges that defendant Belmont Erie Shop, Inc., is a corporation doing business at 804 State Street, Erie, Pa. In paragraph 3 it is alleged that Moses Zimmerman and Camille Zimmerman are copartners doing business as Belmont Shop, at 804 State Street, Erie, Pa., in connection with the Belmont Erie Shop, Inc. In paragraph 4 it is alleged that defendants, through their duly-authorized agent, Moses Zimmerman, acting in the scope of his authority and on the business of both defendants, entered into a written agreement for certain alterations and repairs to the store building located at 804 State Street, Erie, Pa. During the trial plaintiff asked an amendment so as to include as parties defendant Moses Zimmerman and Camille Zimmerman, individually as well as partners. This step was taken because nothing was developed from the testimony which showed Camille Zimmerman to be other than an employe, for wages, at the place of business.

The evidence produced showed that the lease to the premises was in the name of the corporation; that the merchandise was purchased and owned by the corporation; that Moses Zimmerman and Camille Zimmerman were hired by the corporation as manager and clerk, respectively, at stated salaries. Nothing was shown to

indicate ownership or the conduct of the business except by the corporation. In addition, plaintiff produced a contract and many items of correspondence between the parties, all of which were signed "Belmont Shop, per M. Zimmerman."

It was contended by plaintiff that the burden is on M. Zimmerman to show authority to act as agent and to show that by Belmont Shop was meant Belmont Erie Shop, Inc. With this we cannot agree. The signing of a fictitious name followed with the word "by" was notice that the contract was not that of an individual, and it was plaintiff's duty to ascertain the scope of agency involved and the principal sought to be charged.

"In the absence of a contrary manifestation in the document, the following signatures and descriptions, among others, create an inference that the principal and not the agent is a party: The principal's name followed by the agent's name preceded by a preposition such as 'by' or 'per'; . . .": A. L. I. Restatement of Agency, §156, com. (a).

In addition to the fact that plaintiff's testimony failed to meet the burden of proof necessary to permit the jury to arrive at the conclusion that there was part ownership by the alleged partnership, there was testimony on behalf of a former officer of the corporation to the effect that the corporation owned the store exclusively and authorized the repairs. There was further testimony that the president of plaintiff corporation, at a local bank, investigated the rating of the corporation defendant and subsequently executed the contract.

We, therefore, conclude that under the evidence there was no error in directing a verdict for the individual defendants.

No brief was filed or argument made in support of the motions by Belmont Erie Shop, Inc., for new trial and judgment n. o. v. and, after careful consideration, we are satisfied that no error was made in the trial or in the conclusions of the jury.

And now, to wit, May 9, 1941, the rule to show cause, granted October 28, 1940, on plaintiff's motion for new trial, is discharged and the motion refused; the rule to show cause, granted October 28, 1940, on the motion of Belmont Erie Shop, Inc., for new trial and judgment n. o. v. is discharged and the prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.